In the Matter of the Arbitration between BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF ISLIP, Appellant, and J. R. STEVENSON CORPORATION, Respondent.— In this proceeding to stay certain arbitration proceedings commenced by respondent, a general contractor, it is conceded that the building contract between the parties, prepared on a standard form issued by the American Institute of Architects, provided that " The Architect shall * * * make decisions on all claims * * * relating to the execution and progress of the work or the interpretation of the Contract Documents "; that " all the Architect's decisions are subject to arbitration "; and that "the decision of the arbitrators shall be a condition precedent to any right of legal action." A dispute arose as to whether certain work constituted an extra, and as to the reasonable value thereof. Petitioner, the owner, claimed that said work was required to be performed as part of the contract, which was for a lump sum, and that, therefore, there was no issue to be arbitrated. Petitioner appeals from the order denying its application for a stay and ordering it to proceed to arbitration. Order affirmed, with $10 costs and disbursements. The language of the arbitration provisions of the contract is sufficiently broad to express an intention of the parties to submit a dispute such as the one herein to arbitration. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.